IN THE UNITED STATES DISTRICT COURT
OF THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LYNDSEY J. PITTMAN, | ) |
|     Plaintiff, | ) |
| v. | ) |
| CITY OF MOUNT STERLING, ILLINOIS, and CHASE FOX, individually and in his capacity as police officer with City of Mount Sterling, Illinois, Police Department, | ) Case No. 16-cv-03314 |
|     Defendants. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is the Partial Rule 12(b)(6) Motion to Dismiss (d/e 13) filed by Defendant City of Mount Sterling, Illinois (Mount Sterling). The motion is DENIED. Plaintiff Lyndsey J. Pittman, in her First Amended Complaint, sufficiently pleads state-law claims against Mount Sterling based on the doctrine of respondeat superior.

### I. BACKGROUND

The following facts come from Plaintiff's First Amended

Complaint (d/e 7). The Court accepts them as true at the motion to dismiss stage. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

On October 21, 2015, Plaintiff, then 17 years old, was driving an automobile in Mount Sterling, Illinois. Defendant Chase Fox, an officer with the Mount Sterling Police Department, activated his squad car's overhead lights to initiate a traffic stop of Plaintiff's vehicle because Plaintiff had allegedly failed to make a complete stop at a stop sign. Plaintiff brought her vehicle to a stop. Defendant Fox obtained Plaintiff's driver's license, thereby learning that Plaintiff was a minor, and asked Plaintiff whether marijuana or any other illegal substance was present in Plaintiff's vehicle. Plaintiff answered in the negative.

Defendant Fox proceeded to order Plaintiff to exit her vehicle and stand in front of his squad car. A passenger exited Plaintiff's vehicle and inquired as to why Defendant Fox was detaining Plaintiff. Defendant Fox ordered the passenger to get back in Plaintiff's vehicle, but as the passenger was getting back into Plaintiff's vehicle, Defendant Fox violently grabbed the passenger and forced him out of the vehicle.

Because of Defendant Fox's actions, Plaintiff reentered her vehicle and drove away. Defendant Fox drew his service weapon and shot out the back window of Plaintiff's vehicle. Defendant Fox then holstered his weapon and initiated a high-speed pursuit of Plaintiff's vehicle, a pursuit that reached speeds exceeding 100 miles per hour. Eventually, Plaintiff lost control of her vehicle, which was destroyed after it left the road and rolled over. As a result of the accident, Plaintiff suffered and continues to suffer physical pain, emotional trauma, fear, and anxiety.

On December 2, 2016, Plaintiff filed a Complaint (d/e 1), seeking recovery for her physical and emotional injuries. Plaintiff subsequently filed a five-count[1] First Amended Complaint on March 3, 2017. Count 1 alleges a § 1983 claim against Defendant Fox. Count 2 alleges a § 1983 claim against Mount Sterling. Counts 4 through 6[2] allege state-law claims for assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress. On April 21, 2017, Mount Sterling filed its

---

1 Plaintiff's First Amended Complaint refers to each alleged cause of action as a "Claim." However, in this Opinion, the Court uses the term "Count" to delineate among Plaintiff's various claims.

2 There is no Count 3 in Plaintiff's First Amended Complaint.

Partial Rule 12(b)(6) Motion to Dismiss, arguing that Plaintiff's three state-law claims should be dismissed as to Mount Sterling because Plaintiff had not named Mount Sterling as a defendant in those counts and failed to make any allegations against Mount Sterling in those counts. Plaintiff did not file a response to the motion.

## II. <u>JURISDICTION</u>

The Court has subject matter jurisdiction over Plaintiff's § 1983 claims because they are based on federal law. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Further, this Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims and Plaintiff's § 1983 claims "form part of the same case or controversy." 28 U.S.C. § 1367(a). Venue is proper in this district because the events giving rise to Plaintiff's claims occurred here. See 28 U.S.C. § 1391(b)(2) (stating that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

## III. <u>LEGAL STANDARD</u>

"To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means alleging factual content that allows a court to reasonably infer that the defendant is liable for the alleged misconduct. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A plaintiff's complaint must suggest a right to relief, "raising that possibility above a speculative level." Kubiak v. City of Chicago, 810 F.3d 476, 480 (7th Cir. 2016). "The required level of factual specificity rises with the complexity of the claim." McCauley v. City of Chicago, 671 F.3d 611, 616-17 (7th Cir. 2011).

When faced with a Rule 12(b)(6) motion to dismiss, the Court "accept[s] as true all of the well-pleaded facts in the complaint and draw[s] all reasonable inferences in favor of the plaintiff." Roberts v. City of Chicago, 817 F.3d 561, 564 (7th Cir. 2016). However, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." McCauley, 671 F.3d at 616.

## IV. ANALYSIS

Plaintiff has alleged three state-law tort claims based on actions taken in Illinois by Defendant Fox in Illinois. Accordingly,

Illinois law applies to these three claims. See <u>Boogaard v. Nat'l Hockey League</u>, 255 F. Supp. 3d 753, 758-59 (N.D. Ill. 2017).

Under Illinois' doctrine of respondeat superior, "a principal may be held liable for the tortious conduct of an agent, even if the principal does not engage in any tortious conduct." <u>Skaperdas v. Country Cas. Ins. Co.</u>, 28 N.E.3d 747, 758 (Ill. 2015). The doctrine applies to torts committed by an employee within the scope of his employment, even if the employee's actions are "willful, malicious, or even criminal." <u>Bagent v. Blessing Care Corp.</u>, 862 N.E.2d 985, 991 (Ill. 2007). An employee's conduct falls within the scope of his employment if the conduct is of the kind the employee is employed to perform, occurs substantially within authorized time and space limits, and is done, at least in part, to serve the employer. <u>Id.</u> at 992.

The allegations included in Counts 4 through 6 of Plaintiff's First Amended Complaint are sufficient to state tort claims against Mount Sterling based on the doctrine of respondeat superior. Mount Sterling's arguments for dismissal are that Plaintiff's state-law claims do not name Mount Sterling as a defendant and that the counts contain no allegations directed against Mount Sterling. But

Plaintiff's state-law claims incorporate the allegations of each preceding paragraph in the First Amended Complaint. See First Am. Comp., ¶¶ 34-36. Accordingly, Plaintiff's state-law claims include the allegation that, at all relevant times, Defendant Fox was an employee of the Mount Sterling Police Department, a municipal agency of Mount Sterling. See id. ¶ 8. Plaintiff's state-law claims also include the allegation that, at all relevant times, Defendant Fox was acting within the scope of his employment and on behalf of Mount Sterling. See id.

Although these allegations, by themselves, would not satisfy federal pleading standards, given that they merely recite elements of a claim based on vicarious liability, the First Amended Complaint also alleges that Defendant Fox initiated a traffic stop of Plaintiff's vehicle in Mount Sterling, Illinois, fired his service weapon at Plaintiff's vehicle, and conducted a high-speed pursuit of Plaintiff's vehicle. See id. ¶¶ 8, 12-13, 21-22, 24. These allegations indicate that the alleged actions of Defendant Fox on which the state-law claims are based fell within the scope of his employment as an officer with the Mount Sterling Police Department. As such, the allegations are sufficient to put Mount Sterling on notice that it is

plausible that Mount Sterling is vicariously liable under the doctrine of respondeat superior for the alleged actions of Defendant Fox.

Further, the cases cited by Mount Sterling in its partial motion to dismiss are distinguishable. In Morales v. Lashbrook, the district court dismissed a failure-to-treat claim because the plaintiff had not alleged that any of the defendants denied him medical care. No. 16-CV-00571-NJR, 2016 WL 3753703, at *4 (S.D. Ill. July 14, 2016). In Butler v. Harrington, the plaintiff failed to state plausible claims when he failed to identify which of the eight defendants was responsible for each alleged constitutional violation. No. 13-CV-1270-JPG, 2014 WL 90724, at *4 (S.D. Ill. Jan. 9, 2014). In Suburban Buick, Inc. v. Gargo, the district court found a complaint deficient because the plaintiff had failed to include allegations sufficient to meet the heightened pleading standard required by Rule 9(b) of the Federal Rules of Civil Procedure. No. 08 C 0370, 2009 WL 1543709, at *4–5 (N.D. Ill. May 29, 2009).

Here, Plaintiff has alleged facts sufficient to assert state-law claims for assault and battery, intentional infliction of emotional distress, and negligence infliction of emotional distress against

Defendant Fox. Plaintiff has also alleged facts sufficient to allege those same tort claims against Mount Sterling under the doctrine of respondeat superior. The state-law claims made by Plaintiff are not subject to the heightened pleading requirements of Rule 9(b), and this case does not involve so many defendants that the Court and Defendants cannot determine who Plaintiff is alleging is responsible for her alleged injuries under the state-law claims.

## V. <u>CONCLUSION</u>

For the foregoing reasons, the Partial Rule 12(b)(6) Motion to Dismiss (d/e 13) filed by Defendant City of Mount Sterling, Illinois, is DENIED. Pursuant to Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure, Mount Sterling has 14 days from the date it receives a copy of this Order to answer Counts 4 through 6 of Plaintiff's First Amended Complaint.

ENTER: January 2, 2018

/s/ <u>Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
