E-FILED
Friday, 09 February, 2018 03:22:09 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| LYNDSEY J. PITTMAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 16-cv-3314 |
| CITY OF MOUNT STERLING, ILLINOIS and CHASE FOX, individually and in his capacity as police officer with City of Mount Sterling, Illinois Police Department, | ) |
| Defendants. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Chase Fox's Motion to Compel Plaintiff to Provide More Complete Responses to Written Discovery, to Compel Plaintiff to be Produced For Deposition, to Bar Plaintiff From Calling Any Non-Disclosed Witnesses, and to Extend Deadline for Defendants to Disclose Expert Witnesses (d/e 24) (Motion). The Motion is ALLOWED.

This is Defendant Fox's second motion to compel. Defendant Fox filed a prior Motion to Compel which the Plaintiff did not oppose, and which the Court allowed. <u>Unopposed Motion to Compel Plaintiff to Answer</u>

Outstanding Written Discovery by October 30, 2017 (d/e 20); Text Order entered October 27, 2017. Plaintiff did not oppose the prior motion and does not oppose this Motion.

Plaintiff's counsel explained the failure to comply with this Court's Scheduling Order (d/e 15), Text Order entered October 27, 2017, and the Federal Rules of Civil Procedure as follows:

> Plaintiff and her counsel have not intentionally delayed in furnishing the foregoing information. Rather, of no fault of Plaintiff or any of the Defendants, Plaintiff's counsel has had unexpected professional obligations arise, in addition to the regular demands of practicing law which each attorney faces. Plaintiff's counsel, upon short notice, learned of an opening for public office (Circuit Judge), for which Plaintiff's counsel has been faced with deadlines and demands related thereto. Plaintiff's counsel understands his obligations to his client, opposing counsel, and this Court. Plaintiff's counsel determined it would not be practical or in Plaintiff's interest for Plaintiff's counsel to seek leave to withdraw from this matter, which may have necessitated further delay.

Plaintiff Lyndsey J. Pittman's Response to Defendant Chase Fox's Motion to Compel Plaintiff to Provide More Complete Responses to Written Discovery, to Compel Plaintiff to be Produced for Deposition, to Bar Plaintiff From Calling Any Non-Disclosed Witnesses, and to Extend Deadline for Defendants to Disclose Expert Witnesses (d/e 26) (Response), at 2.

Plaintiff states that she has supplemented her discovery responses and her Rule 26 disclosures, copies of which are attached to her

Response. She lists no expert witnesses in her Rule 26 supplemental disclosures attached to the response. She, therefore, may not call any expert witnesses. She lists the physician that treated her at the emergency room, Dr. Jennifer Sharp, M.D., as a fact witness, not an expert witness. See Response, attached Rule 26 Disclosures. The parties can address the scope of her fact testimony with the District Court prior to trial.

Plaintiff also states that she will make herself and her mother Dianne Sargent available for depositions in the next 45 days after February 7, 2018, the filing date of the Response. By the Court's calculation, 45 days after February 7, 2018 is March 24, 2018. Plaintiff and her mother should make themselves available sooner than March 24, 2018. The Court directs that Plaintiff make herself available, and cause her mother to be available, on or before March 9, 2018 to be deposed. Because more time was granted to appear at a deposition than requested by Defendant Fox, the Court will also extend the Defendants' deadline to disclose expert witnesses to April 2, 2018 rather than the requested date of March 19, 2018.

The Court hereby allows Defendant Fox's second motion to compel. The Federal Rules of Civil Procedure states,

> If the motion [to compel] is granted--or if the disclosure or requested discovery is provided after the motion was filed--the

court **must**, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the . . . attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Based on the record currently before the Court and the mandatory language of Rule 37(a)(5)(A), it appears that the Court must award fees and expenses incurred to bring the Motion. The Court has allowed the Motion, and none of the exceptions to the mandatory awarding of costs and expenses appear to apply. Defense counsel repeatedly tried in good faith to secure the discovery. Plaintiff's counsel's decision to forego his obligations as attorney of record in this case to pursue a judgeship does not justify the failure to respond to discovery requests or make mandatory Rule 26 disclosures. Plaintiff's counsel has not presented evidence of other circumstances that would justify the failure to comply or make the award of fees unjust.

In addition, Plaintiff has violated this Court's Text Order dated October 27, 2017, allowing Defendant Fox's first motion to compel. When a party fails to comply with a discovery order,

> [T]he court **must** order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). Again, based on the record currently before the Court and the mandatory language of the Rule, it appears that the Court must award of fees and expenses incurred to file the Motion. The record before the Court does not show that the failure to comply with this Court's order was substantially justified or circumstances that would make an award of fees and expenses unjust.

Plaintiff's counsel takes responsibility for the failure to participate in discovery and to comply with this Court's prior order. The Court, therefore, will give Plaintiff's counsel the opportunity to be heard on whether the Court should order counsel to pay Defendant Fox's attorney fees and expenses incurred in filing the Motion.

THEREFORE, IT IS ORDERED that Defendant Chase Fox's Motion to Compel Plaintiff to Provide More Complete Responses to Written Discovery, to Compel Plaintiff to be Produced for Deposition, to Bar Plaintiff

From Calling Any Non-Disclosed Witnesses, and to Extend Deadline for Defendants to Disclose Expert Witnesses (d/e 24) is ALLOWED. Defendant Fox shall notify Plaintiff of any deficiencies in her supplemental written discovery requests by February 28, 2018.  Plaintiff shall provide any requested additional supplements to her written responses by March 9, 2018.  Plaintiff has not disclosed any expert witnesses, and so, is barred from presenting any expert testimony.  Plaintiff and her mother Dianne Sargent shall appear and be deposed at a time and place convenient to Defendant Fox before March 9, 2018.  If Plaintiff cannot cause her mother to appear for a deposition, the Plaintiff shall inform Defendant Fox's counsel of her address so that he may serve a subpoena on her to force her attendance.  The Defendants' deadline for disclosing expert witnesses is extended to April 2, 2018.

Defendant Fox's counsel shall submit to the Court by March 2, 2018, documentation showing the attorney fees and expenses incurred to file the Motion.  By March 23, 2018, Plaintiff's counsel shall respond to the documentation and submit any additional evidence and argument on the question of ordering Plaintiff's counsel to pay fees and expenses incurred by Defendant Fox in filing the Motion.  The Court will thereafter determine

whether to order Plaintiff's counsel to pay such fees and expenses and the amount, if any, to be paid.

ENTER: February 9, 2018

                                              s/ *Tom Schanzle-Haskins*
                                           TOM SCHANZLE-HASKINS
                                       UNITED STATES MAGISTRATE JUDGE